United States District Court
Southern District of Texas
**ENTERED**
March 17, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| KANDICE HASELOFF-BUNKER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00024 |
| | § | |
| CITY OF ANGLETON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This employment lawsuit was removed from state court based on federal question jurisdiction. At the initial scheduling conference, it became apparent that the court's docket does not include all the documents contained in the state-court record. A motion filed by Plaintiff in the state court proceedings appears to be missing from this court's docket.

When removing a case to federal court, a removing defendant must file "a copy of *all process, pleadings, and orders served upon such defendant.*" 28 U.S.C. § 1446(a) (emphasis added). It is well established that a removing party's failure to file the required state court papers is curable and does not necessitate remand. *See Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958) (federal court did not lack jurisdiction because the petition for removal did not include the records and proceedings of the state court); *Collura v. Succession of James Anthony Collura*, Civil Action No. 15-645, 2016 WL 4150032, at *5 (M.D. La. June 14, 2016) ("To the extent this Court finds that additional pleadings are necessary to complete the state court record, the federal rules . . . allow this Court to order additional supplementation. Under these circumstances, the Court declines to find Anthony's failure to attach anything more than the Petition . . . a procedural defect necessitating remand." (cleaned up)); *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co.*, 499 F. Supp. 2d 710, 712 (E.D.

Tex. 2007) ("[T]he omission of a copy of the service of process is merely a procedural error with no impact on jurisdiction. Therefore, the court will allow Defendants to supplement the removal record."). Moreover, after removal, the district court "may require the removing party to file with its clerk copies of all records and proceedings in such State court." 28 U.S.C. § 1447(b).

Accordingly, I order Defendant City of Angleton to file the entire state-court record as a supplement to its notice of removal. This will cure any defect in the removal process. Because this case is a consolidated action consisting of two separate cases removed from state court, the state-court records from both state-court proceedings should be filed on this case's docket.

SIGNED this __17__ day of March 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE