United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| KANDICE HASELOFF-BUNKER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00024 |
| | § | |
| CITY OF ANGLETON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before me is Plaintiff's Motion to Deem Original Petition Filed as of Original Transmission Date (September 15, 2025) and to Direct the [State] District Clerk to File-Stamp and Docket Accordingly. Dkt. 24. The motion is granted in part and denied in part.

The facts underlying this motion are not in dispute. On September 15, 2025, Plaintiff Kandice Haseloff-Bunker submitted her Original Petition, an affidavit of inability to pay, and a request for citation to the Brazoria County District Court through Texas's mandatory electronic filing system. *See* Dkt. 27-2 at 12–13. In her Original Petition, Haseloff-Bunker asserts a myriad of state and federal claims against the City of Angleton arising out of her employment with the City. The Brazoria County District Clerk rejected the filing because of an error in the citation request. *See id.* at 13. On December 23, 2025, a paralegal working for Haseloff-Bunker's lawyer contacted the Brazoria County District Clerk's Office to check on the status of the filing. She "was informed by a representative of the clerk's office that the filling had been rejected/returned." *Id.* at 2. The paralegal refiled the Original Petition, affidavit of inability to pay, and request for citation that same day, December 23, 2025.

Haseloff-Bunker argues that her Original Petition should be deemed filed as of September 15, 2025, the date her representatives transmitted the Original

Petition to the electronic filing service provider ("EFSP").[1] For support, Haseloff-Bunker turns to Texas Rule of Civil Procedure 21(f)(5), which states that "[a]n electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider." This rule is based on the premise that "[i]t would be fundamentally unfair for a filing which appeared to be timely at the time it was filed to be rendered untimely after-the-fact because [of circumstances outside the filing party's control]." *Gates v. McDonald*, 674 S.W.3d 420, 427 (Tex. App.—Eastland 2023, pet. denied).

It is clear to me that the Brazoria County District Clerk's office improperly rejected Haseloff-Bunker's September 15, 2025 filing. Texas Rule of Civil Procedure 21(f)(11) provides that a "clerk may not refuse to file a document that fails to confirm with this rule." Instead, the clerk must "identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format." Tex. R. Civ. P. 21(f)(11). Here, the clerk incorrectly rejected the filing and failed to provide a deadline for Haseloff-Bunker to resubmit the documents. Nonetheless, Haseloff-Bunker's legal team reached out to the clerk's office a little more than three months after the original filing, learned why the documents had been rejected, and resubmitted the original petition and related paperwork.

The City argues that Haseloff-Bunker's request to deem the state-court petition filed as of September 15, 2025 "should be denied because she lacked diligence as a matter of law in attempting to cure any E-filing error by not investigating its status or attempting to procure service of process for over three months." Dkt. 25 at 1. I agree that Haseloff-Bunker could have—and should have—

---

[1] Because an individual who receives a right-to-sue letter from the Equal Employment Opportunity Commission has 90 days to file a civil action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"), the date Haseloff-Bunker filed her lawsuit is critical. If I determine Haseloff-Bunker did not file her lawsuit until December 23, 2025, her Title VII, ADA, and ADEA claims would unquestionably be time-barred.

reached out to the clerk's office sooner to check on the filing's status. Even so, "[o]nce a party has satisfied his duty to put a legal instrument in the custody and the control of the court clerk, he should not be penalized for errors made by the court clerk." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004).

> As the El Paso Court of Appeals recently noted:

> The text of Rule 21(f)(11) does not impose a reasonable diligence requirement or reasonable time requirement for correcting non-conforming documents when the clerk fails to state a deadline, and we are disinclined to graft one onto the rule by judicial fiat. Nor do we need to decide whether there is an outer limit for how long a party has to correct non-conforming documents. Of course, if the clerk does provide a deadline as the rule contemplates, this Court has already written that a party must meet that deadline to obtain the original filing date. When the clerk fulfills its role, the issue here should never arise. And if there is a needed backstop to what the rule already provides, we view the Texas Supreme Court's rule making process as a better avenue for addressing this kind of issue.

*Valadez v. El Paso Cent. Appraisal Dist.*, No. 08-23-00267-CV, 2024 WL 3226154, at *6 (Tex. App.—El Paso June 28, 2024, no pet.) (cleaned up). I agree with this reasoning. I am not going to be first judge—state or federal—to construe the Texas Rules of Civil Procedure as imposing an implied reasonable diligence requirement for correcting non-conforming documents when a state district clerk fails to provide a deadline to resubmit the corrected documents. As written, the Texas Rules of Civil Procedure require me to deem Haseloff-Bunker's Original Petition filed on September 15, 2025.

The City spills much ink insisting that Haseloff-Bunker lacked diligence in service. In making this argument, the City notes that "[i]n Texas, not only must a suit be timely filed, but there must also be a bona fide intention that service of process be issued and served, and due diligence must be exercised in such regard." Dkt. 25 at 8 (quoting *Echols v. Strickland*, 92 F.R.D. 75, 76 (S.D. Tex. 1981)). That might be true, but it is of no moment to the present motion. At this time, Haseloff-Bunker is simply asking that I deem her Original Petition filed on September 15, 2025—the date it was transmitted to the EFSP. In its recently-filed motion for

3

partial judgment on the pleadings, the City raises the argument that the case should be dismissed because Haseloff-Bunker lacked diligence in service. I will address the merits of the City's position after the motion is fully briefed.

Finally, Haseloff-Bunker asks me to direct the Brazoria County District Clerk to file-stamp the Original Petition with a September 15, 2025 date, and docket accordingly. This is something I cannot do. "Federal courts have no power to direct state judicial officials in the performance of their functions." *Long v. Wright*, 103 F. App'x. 800, 801 (5th Cir. 2004).

In summary, I grant Haseloff-Bunker's request that I deem the Original Petition filed as of September 15, 2025. I deny Haseloff-Bunker's request that I direct the Brazoria County District Clerk to file-stamp and docket the Original Petition as filed on September 15, 2025.

SIGNED this __18th__ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE