United States District Court
Southern District of Texas
ENTERED
August 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| KANDICE HASELOFF-BUNKER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00024 |
| | § | |
| CITY OF ANGLETON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me is Defendant City of Angleton's motion for partial judgment on the pleadings. *See* Dkt. 26. For the reasons discussed below, the motion is granted in part and denied in part.

## BACKGROUND[1]

In December 2023, Defendant hired Plaintiff Kandice Haseloff-Bunker as a Development Coordinator. While on a work-related trip in spring 2024, Plaintiff sustained an injury requiring surgery. Throughout fall 2024, Plaintiff requested reasonable accommodations that would enable her to return to work. Defendant refused to accommodate Plaintiff, telling Plaintiff that its "accommodation" was to keep her off work without pay while requiring her to continue paying her share of health insurance.

In January 2025, Defendant notified Plaintiff that her health insurance coverage would be terminated effective January 31, 2025. Plaintiff then attempted to return to work without any accommodation. On February 10, 2025, within approximately one week of Plaintiff's return to work, Defendant terminated Plaintiff's employment based on alleged rule violations that occurred while

[1] The facts in this section are taken from the live pleading, Plaintiff's state court petition. *See* Dkt. 1-1. On a motion for judgment on the pleadings, I must take all of Plaintiff's well-pleaded facts as true. *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Plaintiff was not at work because Defendant refused her request for accommodation.

On May 31, 2025, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Dkt. 26-2. On June 24, 2025, the EEOC issued a Notice of Right to Sue. *See* Dkt. 26-1. On September 15, 2025, Plaintiff filed suit against Defendant in Brazoria County District Court. *See* Dkt. 28 at 1. In her petition, Plaintiff asserts ten causes of action against Defendant: (1) wrongful termination under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code, Chapter 21, and Title VII of the Civil Rights Act of 1964; (2) retaliation under the TCHRA and Title VII; (3) failure to accommodate under the Americans with Disabilities Act ("ADA"); (4) hostile work environment under the TCHRA and Title VII; (5) workers' compensation interference and negligence under Texas state law; (6) violation of 42 U.S.C. § 1981; (7) intentional infliction of emotional distress under Texas state law; (8) interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"); (9) negligent hiring, supervision, and retention under Texas state law; and (10) age discrimination under the TCHRA and Title VII.

Although Plaintiff filed her state court lawsuit on September 15, 2025, Plaintiff did not serve Defendant until December 29, 2025. *See* Dkt. 1 at 1. On January 27, 2026, Defendant removed Plaintiff's lawsuit to federal district court based on federal question jurisdiction. Defendant now moves for partial judgment on the pleadings under Rule 12(c).

## LEGAL STANDARD

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendant moves for partial judgment on the pleadings. Defendant "does **not** seek dismissal" of Plaintiff's TCHRA claims for disability discrimination, failure to accommodate, and disability-related retaliation. Dkt. 26 at 15. Defendant also "does **not** seek dismissal" of Plaintiff's claims for FMLA interference and retaliation. *Id.* Thus, this case **will** proceed on those claims.

As to the eight grounds on which Defendant seeks partial dismissal, I need to address only seven of them. I do not reach the question of whether Plaintiff failed to exhaust her Title VII and ADEA claims. I will assume, without deciding, that

Plaintiff exhausted such claims. It makes no difference here because, as discussed below, Plaintiff fails to state a Title VII or ADEA claim.

### A. Plaintiff's Title VII, ADA, and ADEA Claims Are Timely

"Under Title VII, the ADA, and the ADEA, a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC." *January v. Tex. Dep't of Crim. Just.*, 760 F. App'x 296, 299 (5th Cir. 2019). "[T]he ninety-day requirement is akin to a statute of limitations." *Espinoza v. Mo. Pac. R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985).

The parties agree for the purposes of Defendant's motion that the 90-day limitations period for Plaintiff's Title VII, ADA, and ADEA claims expired on September 25, 2025. *See* Dkt. 32 at 2. I have already determined that Plaintiff's state court lawsuit is deemed to have been filed on September 15, 2025. *See* Dkt. 28 at 1; Dkt. 29 at 4. Thus, Plaintiff filed her lawsuit before the 90-day statute of limitations expired. Even so, Defendant argues that Plaintiff's ADA claims are untimely because she "waited over three months to request process from the Clerk." Dkt. 32 at 2. Defendant contends that Plaintiff's "[l]ack of diligent service is an appropriate reason for dismissal at the pleadings stage." *Id.* I disagree.

Under Texas law, "it's not enough to *file* a lawsuit before the limitations period expires. . . . The plaintiff must also either (1) *serve* the defendant with process *before* the limitations period expires; or (2) exercise *due diligence* in serving the defendant *after* the limitations period expires." *Sutton Place 1 Townhouse v. AmGuard Ins. Co.*, 668 F. Supp. 3d 684, 689 (W.D. Tex. 2023) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). Here, Plaintiff did not serve Defendant with process before the 90-day limitations period expired. I could go so far as to say that Plaintiff also did not exercise diligence in serving Defendant after the limitations period expired. But that is not a question I need to decide. However lackadaisical Plaintiff may have been in serving Defendant, state procedural law concerning service of process does not create a service requirement

for a federal claim in a federal question case where Congress did not provide for such a requirement. *See* 42 U.S.C. § 2000e-5(f)(1).

The authorities that Defendant relies upon for grafting Texas's diligent service requirement onto a *federal* limitations period are inapposite, particularly the cases concerning the limitations period of *state law* claims, not federal claims, in diversity cases. *See Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) (applying Texas's due diligence requirement because the case was in federal court based on diversity jurisdiction); *Sutton Place*, 668 F. Supp. 3d at 687 (same). Defendant also relies on cases concerning procedural events occurring before removal, but those cases do not establish that Texas's due diligence rule modifies a federal limitations period. Indeed, Defendant has not provided, nor am I aware of, any federal court cases applying a *state* procedural rule regarding diligent service to a *federal* limitations period in a *federal question* case. To the contrary, the Fifth Circuit has made clear that Texas's due diligence rule "is applied to Texas law claims asserted in cases filed in federal court in Texas," but the rule does not "apply to any cause of action based on federal law." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998); *see also Echols v. Strickland*, 92 F.R.D. 75, 76 n.1 (S.D. Tex. 1981) ("[I]n federal court, for federal causes of action such as a claim under Title VII, there is no requirement of diligent service of process and the filing of the complaint is enough to toll the statute of limitations."). Accordingly, Plaintiff's Title VII, ADA, and ADEA claims are *not* time-barred.

### B. PLAINTIFF FAILS TO STATE A TITLE VII OR ADEA CLAIM, OR ANY NON-DISABILITY DISCRIMINATION OR RETALIATION CLAIM UNDER THE TCHRA

Having established that Plaintiff's Title VII and ADEA claims were timely filed, I will assume, without deciding, that Plaintiff also exhausted those claims. I must then address Defendant's contention that Plaintiff cannot state a claim under Title VII, the ADEA, or the TCHRA for any type of non-disability discrimination or retaliation. In other words, to the extent that Plaintiff would allege discrimination or retaliation based on anything *other* than disability, Defendant argues that

Plaintiff cannot state such a claim.[2] Plaintiff does not substantively defend any non-disability Title VII, ADEA, or TCHRA theory.

In response to Defendant's contention that "Plaintiff has not . . . pleaded non-disability Title VII or age-based ADEA claim," Plaintiff simply reiterates that her "factual theory is, and has been, centered on disability discrimination, failure to accommodate, medical-leave retaliation, protected activity, workers' compensation-related retaliation facts, and termination after assertion of rights." Dkt. 29 at 8. Plaintiff makes no attempt to defend any non-disability discrimination or retaliation claim under the TCHRA, Title VII, or the ADEA. Rather, Plaintiff asks only that I "not dismiss viable disability, accommodation, retaliation, and FMLA theories." *Id.* at 8–9. Because the parties are in accord that Plaintiff has not stated a claim under Title VII or the ADEA, or under any non-disability-related provision of the TCHRA, I grant Defendant's motion to the extent that it seeks to preclude Plaintiff from asserting any non-disability related claim.

### C. PLAINTIFF FAILED TO EXHAUST HER HOSTILE WORK ENVIRONMENT CLAIMS

Defendant argues that Plaintiff failed to exhaust any hostile work environment claim. Having established that Plaintiff cannot state any claim under Title VII or the ADEA, Defendant's argument applies only to hostile work environment claims under the TCHRA or the ADA.

"The exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit for unlawful employment practices." *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied); *see Reuter v. XTO Energy, Inc.*, No. 4:20-cv-01474, 2022 WL 784474, at *4 (S.D. Tex. Mar. 15, 2022) ("In

[2] The TCHRA mirrors multiple federal statutes in prohibiting, among other things, discrimination and retaliation based on disability. *See* Tex. Labor Code §§ 21.051, 21.055. Title VII, however, is silent as to disability, prohibiting employers from discrimination or retaliation based only on "race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). The ADEA prohibits discrimination in employment only because of age. 29 U.S.C. § 623(a). Thus, Title VII and the ADEA are irrelevant to Plaintiff's disability claims.

employment discrimination and retaliation cases brought under federal employment statutes, a plaintiff must exhaust all administrative remedies in front of the EEOC before pursuing his claims in federal court."). A claim is exhausted when it is "included in the administrative charge of discrimination and . . . factually related [to] claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the charge." *Lopez*, 368 S.W.3d at 701.

Plaintiff does not describe anything remotely resembling harassment or hostile work environment anywhere in her charge of discrimination. Rather, Plaintiff complains of "delays, evasiveness, and silence" in response to her requests for accommodation. Dkt. 26-2 at 2. Plaintiff points me to no case law suggesting that failure to accommodate can itself constitute a hostile work environment. To the contrary, the Fifth Circuit has held that "a disagreement with an employer over . . . an accommodation does not amount to harassment." *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 248 (5th Cir. 2025) (cleaned up). In short, nothing about Plaintiff's charge of discrimination would put Defendant on notice that Plaintiff was complaining about a hostile work environment. *See Jennings v. Towers Watson*, 11 F.4th 335, 342–43 (5th Cir. 2021) (holding that the plaintiff exhausted her disability-discrimination and failure-to-accommodate claims but not a hostile-work-environment claim because an investigation into the charge would not reasonably reveal the alleged harassment). Accordingly, Defendant is entitled to dismissal of Plaintiff's hostile work environment claims.

### D. PLAINTIFF FAILS TO STATE A § 1981 CLAIM

Defendant argues that "Plaintiff's claim under 42 U.S.C. Section 1981 fails because Plaintiff does not allege racial discrimination by the City's final policymaker." Dkt. 26 at 28. "Plaintiff recognizes that Section 1981 is principally directed to race-based interference with contract rights." Dkt. 29 at 9. Yet, Plaintiff does not mention race in her pleading, and she has no substantive response to Defendant's argument that her failure to allege racial discrimination is fatal to her § 1981 claim. Rather, Plaintiff argues only that § 1981 "is not a basis to dismiss

Plaintiff's ADA, TCHRA disability, or FMLA claims." *Id.* at 9–10. Because Plaintiff does not allege racial discrimination, Defendant is entitled to dismissal of Plaintiff's § 1981 claim.

### E. DEFENDANT IS IMMUNE FROM PLAINTIFF'S STATE LAW CLAIMS

Defendant argues that, as a state government entity, it is immune from liability for Plaintiff's intentional infliction of emotional distress; negligent hiring, supervision, and retention; and workers' compensation interference and negligence claims. *See* Dkt. 26 at 29–32. As with her Title VII, ADEA, and § 1981 claims, Plaintiff offers no substantive response. Rather, Plaintiff asks only that "any dismissal based on governmental immunity should be carefully limited and should not be with prejudice to Plaintiff's statutory claims or to amendment where a viable waiver or non-tort theory can be pleaded." Dkt. 29 at 10. Because Defendant is immune from liability for Plaintiff's state law claims for intentional infliction of emotional distress; negligent supervision, hiring, and retention; and workers' compensation interference and negligence,[3] Defendant is entitled to dismissal of those claims.

### F. PLAINTIFF HAS NOT SHOWN GOOD CAUSE TO AMEND HER PLEADING

Rather than contesting her failure to state a non-disability discrimination or retaliation, § 1981, or Texas state law tort claim, Plaintiff asks for leave to amend. The deadline to file amended pleadings was March 27, 2026. *See* Dkt. 17 at 1. Rule "16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470

[3] *See* Tex. Civ. Prac. & Rem. Code § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort."); *Meyer v. Coffey*, 231 F. Supp. 3d 137, 151 (N.D. Tex. 2017) ("Claims of negligent hiring, supervision, and retention do not waive governmental immunity under the Texas Tort Claims Act for claims that do not arise out of the use or condition of tangible personal property." (cleaned up)); *Conroe Indep. Sch. Dist. v. Osuna*, No. 09-22-00424-CV, 2024 WL 2340797, at *1 (Tex. App.—Beaumont May 23, 2024, no pet.) ("[T]he Legislature . . . has not waived the immunity that local governmental entities have to worker's-compensation-retaliatory-discharge claims or to claims employees may file against a local governmental entity alleging other discriminatory acts.").

(5th Cir. 2009). "Once a scheduling order deadline to amend a pleading has expired, the party seeking to amend is effectively asking the court for leave to amend both the scheduling order and the pleading." *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679, 694 (S.D. Tex. 2009).

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). To determine whether good cause exists, district courts are required by the Fifth Circuit to consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon Fin.*, 591 F.3d at 470 (quotation omitted). Here, Plaintiff fails to even identify Rule 16(b)(4)'s good cause standard, much less argue why it should apply. Given that Plaintiff does not substantively contest her failure to state a non-disability discrimination or retaliation claim, including a § 1981 claim, or her inability to overcome Defendant's governmental immunity, I deny Plaintiff's request to amend her pleading months after the expiration of the amended pleading deadline.

## CONCLUSION

For the reasons discussed above, Defendant's motion for judgment on the pleadings (Dkt. 26) is granted in part and denied in part. Defendant's motion is granted as to Plaintiff's claims for hostile work environment; violation of § 1981; Texas state law intentional infliction of emotional distress; negligent hiring, supervision, and retention; or workers' compensation interference and negligence; and any non-disability-related discrimination or retaliation claim. In all other respects, Defendant's motion is denied. This case will proceed on the following claims: (1) disability discrimination under the TCHRA; (2) failure to accommodate

under the TCHRA and ADA; (3) TCHRA retaliation based on Plaintiff's assertion of her disability-related rights; and (4) FMLA interference and retaliation.

SIGNED this 24th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE